**STATE of Vermont v. Matthew L. WRIGHT**

[669 A.2d 553]

No. 94-375

October 26, 1995. Defendant, who is charged with murder, was found incompetent to stand trial on December 24, 1992 and was committed to the custody of the Commissioner of Mental Health and Mental Retardation pursuant to 13 V.S.A. §§ 4820(2) and 4822(a). The commitment order required a court hearing before discharge. *Id.* § 4822(a). On January 12, 1994, pursuant to new psychiatric evidence and a stipulation of the parties, he was found competent to stand trial. Concluding that defendant was no longer in need of further treatment, the Department of Mental Health and Mental Retardation then informed the court of its intent to discharge defendant. See 18 V.S.A. §§ 7802 (discharge on administrative review), 8009(b) (administrative discharge). Over defendant's argument that he remained in need of further treatment, see 18 V.S.A. § 7101(16), the court discharged him from commitment. We affirm.

Defendant argues that the court misallocated the burden of proof and improperly ignored the undisputed evidence, and that the court ignored its own findings at a recent hearing on whether the criminal case should be transferred to juvenile court and that he was in need of further treatment. These arguments are premised on defendant's view that the purpose of the court hearing was to review judicially the department's decision, a premise we find invalid.

The court was proceeding pursuant to § 4822(e), which requires it to issue an order discharging defendant from the commissioner's custody if it determines "commitment shall no longer be necessary." The debate between defendant and the department is over whether defendant needs treatment and in what setting. Defendant's position is that his mental health will seriously deteriorate, to the point that he will again become dangerous, if placed in a correctional facility. The department apparently disagrees.

In construing a statute, our primary aim is to implement the intent of the Legislature. See *Swett v. Haig's, Inc.*, 164 Vt. 1, 5, 663 A.2d 930, 932 (1995). In this

case, the court was following a special procedure triggered by a determination that a criminal defendant is mentally ill, or incompetent to stand trial, and would not face criminal adjudication, at least temporarily. The clear intent was to insure public safety while obtaining treat-ment for the defendant in a secure setting. Once the "trigger" is removed, the public safety concern is abated. We would expect the need for mental health commitment would normally be removed also. Thus, we do not believe the criminal court is the appropriate place to resolve the debate between the department and defendant over treatment. The issue under the statute is the need for commitment, not treatment.

Defendant's evidence addressed his treatment needs and specifically stated treatment "could be provided in a less restrictive setting." The court's findings in the juvenile transfer proceedings relate to the need for treatment. Thus, the record fully supported the court's decision that commitment was no longer "necessary." We find no error in the court's conclusion.

The parties assume that defendant will be placed in the custody of the Department of Corrections. If defendant is correct about his mental health treatment needs, there is a statutory procedure for the Commissioner of Corrections to transfer him to the custody of the Commissioner of Mental Health and Mental Retardation for treatment. See 28 V.S.A. §§ 702(b), 703, 704. Use of that procedure is more appropriate for this case than the continued commitment defendant seeks.

*Affirmed.*

Motion for reargument denied December 5, 1995.